**JUDGE ABRAMS**

**14 CV   8447**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICARDO HENRIQUEZ,

                          **COMPLAINT**

              Plaintiff,

                   OCT 22 2014    Cv. No:

         -against-

                   U.S.D.C. S.D. N.Y. **PLAINTIFF DEMANDS**

THE CITY OF NEW YORK, POLICE OFFICER   CASHIERS   **A TRIAL BY JURY**
RYAN MARTIN & JOHN DOE POLICE OFFICER,

                 **Defendants.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      Plaintiff, by his attorneys, GIORDANO LAW OFFICES, PLLC, complaining of

Defendants, respectfully alleges upon information and belief:

## PRELIMINARY STATEMENT

      1.     Plaintiffs bring this action pursuant to 42 U.S.C. §1983 *et seq.* for an incident of

police misconduct and deprivation of protected rights, including those rights under the Fourth

and Fourteenth Amendments to the U.S. Constitution, which transpired on or about June 22,

2013 and thereafter, when police officers employed by the City of New York, including

Defendants RYAN MARTIN ( hereinafter "MARTIN") and JOHN DOE POLICE OFFICER

(hereinafter "JOHN DOE") wrongfully detained and falsely arrested the Plaintiff and further

maliciously prosecuted the Plaintiff. All charges were ultimately dismissed in Plaintiff's favor.

## STATEMENT OF FACTS

      2.     On or about June 22, 2013, at approximately 1:10 a.m., at 578 Southern Boulevard

in the Bronx, NY, the Plaintiff entered the Bodega at that location and ordered a sandwich.

Plaintiff's two dark-skinned Hispanic friends waited for him outside of the Bodega on the New

York City sidewalk, minding their own business.

      3.     Plaintiff observed the Defendants MARTIN and JOHN DOE approach his friends

and exited the Bodega.  Defendants MARTIN and JOHN DOE ordered Plaintiff and his friends to leave and disperse from the area, though they were doing nothing other than standing on the New York City sidewalk talking and minding their own business.

4.      Plaintiff explained to the Defendants that he had ordered a sandwich and told them in essence that "it's a public sidewalk. I don't have to move.  This wouldn't happen if I was in a white neighborhood."

5.      Defendants then attempted to give Plaintiff a summons as Plaintiff repeatedly asked them what he had done wrong.

6.      Defendants ultimately handcuffed and arrested Plaintiff, charging him with Disorderly Conduct, Obstruction of Governmental Administration and Resisting Arrest.

7.      Plaintiff was taken to the 41 Precinct, held for an extended period of time, ultimately transported to Central Booking and released after his arraignment.

8.      All criminal charges filed against the Plaintiff were dismissed in May 2014, after Plaintiff was required to make several court appearances.

## JURISDICTION AND VENUE

9.      This Court has federal question jurisdiction pursuant to 28 U.S.C § 1331 in that this action arises under 42 U.S.C. § 1983 *et seq*., and the Fourth and Fourteenth Amendments to the United States Constitution.  This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 and the doctrine of pendent jurisdiction, since the state claims arise from the same operative facts and are part of the same case or controversy.

10.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant THE CITY OF NEW YORK resides in this District. Additionally, all Defendants are subject to personal jurisdiction in this District.

11.     Prior to the commencement of this action, and within ninety days after the claim arose, Plaintiff caused a Notice of Claim in writing to be served upon the Defendant THE CITY OF NEW YORK, by delivering to and leaving the same with the New York City Comptroller's Office, in like manner as the service of a summons in the District Court, which said Notice of Claim set forth the names and post office addresses of Plaintiff and her attorney, the nature of, time when, place where, and manner in which the claims arose, and the items of damage and/or injuries claimed, or that might have been sustained, so far as it was practicable.

12.     Over thirty days have elapsed since the service of such Notice of Claim, and THE CITY OF NEW YORK has failed to settle or adjust this matter.

13.     This action was commenced within one year and ninety days after the cause of action herein accrued.

## THE PARTIES

14.     At all relevant times, Plaintiff was and remains a resident of Bronx County, New York.

15.     At all relevant times, Defendants MARTIN and JOHN DOE acted in their official capacities and were employees, agents, or servants of Defendant THE CITY OF NEW YORK, acting under color of state law, within the meaning of 42 U.S.C. § 1983 *et seq*.

16.     THE CITY OF NEW YORK was and is a municipal corporation organized and existing under and pursuant to the laws of the State of New York.  At all relevant times, Defendant THE CITY OF NEW YORK acted through its employees, agents and/or servants, including the individually named Defendants herein, who at all relevant times acted within the course and scope of their employment.

17.     Defendants MARTIN and JOHN DOE are employees acting within the scope of

their employment as officers of the New York City Police Department.

## AS AND FOR A FIRST CLAIM FOR FALSE ARREST PURUSANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS MARTIN and JOHN DOE

18.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

19.     As described more fully above, on or about June 22, 2013 in the Bronx, NY, Defendants MARTIN and JOHN DOE, acting without probable cause, intentionally, without justification, and with deliberate indifference to the rights, life, and liberty of the Plaintiff, falsely arrested the Plaintiff.

20.     As a result of the foregoing, Defendants, acting under color of state law, violated 42 U.S.C. § 1983 *et seq*., deprived the Plaintiff of rights secured by the Constitution and laws of the United States, including those rights protected by the Fourth and Fourteenth Amendments, their right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitutions of the United States and the State of New York.

21.     As a result of the foregoing, the Plaintiff suffered loss of liberty and life, substantial emotional and psychological pain and was otherwise injured.

22.     As a result of the foregoing, Plaintiff demand monetary damages against Defendants MARTIN and JOHN DOE and further seeks punitive damages against Defendants MARTIN and JOHN DOE in an amount to be determined by a jury.

## AS AND FOR A SECOND CLAIM FOR MALICIOUS PROSECUTION PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS MARTIN and JOHN DOE

23.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

24.      As more fully described above, Defendants acted intentionally, maliciously, with reckless disregard for Plaintiff's rights, and without justification or probable cause when they caused criminal charges to be filed against the Plaintiff.

25.      Such charges were ultimately dismissed by the Bronx County Criminal Court in May 2014.

26.      Defendants were aware, and should have been aware, that such criminal charges were false charges and that the Plaintiff had not committed any crime, but nonetheless decided to, and did, file such criminal charges against the Plaintiff with malice and with a deliberate and reckless disregard to the Plaintiff's rights.

27.      Defendants were deliberately indifferent to Plaintiff's rights in their insistence that he be arrested when he did nothing wrong and when he merely verbally protested their telling him to leave an area where he was legally permitted to be.

28.      As a result of the foregoing, Defendants, acting under color of state law, violated 42 U.S.C. § 1983 *et seq.* and deprived the Plaintiff of rights secured by the Constitutions and laws of the United States and the State of New York, including those rights protected by the Fourth and Fourteenth Amendments, his right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitution of the United States and the State of New York.

29.      As a result of the foregoing, the Plaintiff suffered loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

30.      As a result of the foregoing, Plaintiff demands monetary damages against Defendants MARTIN and JOHN DOE and further seeks punitive damages against Defendants MARTIN and JOHN DOE in an amount to be determined by jury.

## AS AND FOR A THIRD CLAIM OF FALSE ARREST
## AGAINST ALL DEFENDANTS

31.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

32.     Defendants, acting without probable cause, intentionally, without justification and with deliberate indifference to the rights, life and liberty of Plaintiff, falsely arrested and imprisoned the Plaintiff.

33.     As a result of the foregoing, the Plaintiff was caused to suffer serious bodily harm, loss of liberty and life, substantial physical, emotional, mental and psychological pain as a result thereof, and was otherwise injured.

34.     As a result of the foregoing, Plaintiff demands monetary damages against all Defendants and further seeks punitive damages against Defendants MARTIN and JOHN DOE in an amount to be determined by jury.

## AS AND FOR A FOURTH CLAIM FOR MALICIOUS PROSECUTION
## AGAINST ALL DEFENDANTS

35.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

36.     Defendants, acting intentionally, maliciously and without justification or probable cause, caused to be filed an accusatory instrument or otherwise brought criminal charges against the Plaintiff, who was criminally prosecuted therefore until such prosecution was terminated in his favor.

37.     As a result of the foregoing, the Plaintiff suffered loss of liberty and life, substantial emotional, mental and psychological pain and was otherwise injured.

38.     As a result of the foregoing, Plaintiff demands monetary damages against all Defendants and further seeks punitive damages against Defendants MARTIN and JOHN DOE in an amount to be determined by jury.

**WHEREFORE**, Plaintiffs demands the following relief jointly and severally against all of the Defendants:

a. Compensatory damages;

b. Punitive damages against Defendants MARTIN and JOHN DOE;

c. Convening and empaneling of a jury to consider the merits of the claims herein;

d. Costs and interest and attorney's fees;

e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
       October 15, 2014

Giordano Law Offices PLLC

By: _____
       Carmen S. Giordano, Esq.
       *Attorney for Plaintiff*
       226 Lenox Avenue
       New York, NY 10027
       (212) 406-9466